subject the Trustee, his agents or his attorneys to any claim for monetary damages for breach of any provision of this Agreement.

2.9. Costs and Fees. As between Google and the Entity Defendants, each Party to this Agreement shall bear its own costs and fees, including without limitation its attorney's and expert fees, in connection with the Complaint, the Bankruptcy Motion, the Opposition, the Cancellation Proceeding and the ITU Application. Neither this Section nor anything else in this Agreement shall operate to preclude, restrict or limit Google from seeking reimbursement of its fees and costs or any other monetary or equitable relief from any person or entity not a party to this Agreement, including without limitation Stoller individually.

2.10. Authority. Each Party represents and warrants to each other Party that (a) such Party has the full authority and capacity to make the representations, covenants and promises set forth in this Agreement and (b) each signatory has authority to bind the Party on behalf of whom such signatory is executing this Agreement.

## ARTICLE 3
## RELEASES

3.1. Voidability. The Entity Defendants acknowledge and understand that Google, in entering into this Agreement, is materially relying upon the accuracy of the Entity Defendants' representations, covenants and promises set forth in Article 2 of this Agreement. Accordingly, the Entity Defendants acknowledge and agree that, should Google discover after the execution of this Agreement that said representations in Article 2 are or were inaccurate in any respect or should any Entity Defendant fail to comply with any obligation set forth in Article 2 above, Google may, at its sole and exclusive election, treat Section 2.1 above and Section 3.2 below as null and void and seek to recover any and all damages, of any and all types permitted by law, including without limitation for recovery of its past attorney's fees. Furthermore, in the event that any Entity Defendant in the future asserts any claim against Google, the release set forth in Section 3.2 shall be voidable at Google's sole election and discretion, and neither the release set forth in Section 3.2 nor anything else in this Agreement or the Permanent Injunction and Final Judgment shall be deemed to limit, restrict or preclude Google from asserting any defense or claim, including without limitation the claims set forth in the Complaint, or seeking any and all damages, of any and all types, including without limitation for its past attorney's fees, in connection therewith. Notwithstanding the foregoing, if any claim asserted by any Entity Defendant against Google in the future is not or was not expressly authorized by the Trustee in writing, then the release set forth in Section 3.2 shall not be voidable to the extent (and only to the extent) that it applies to the Trustee or to the estate then in control of the Trustee (and only if and to the extent then in the control of the Trustee).

3.2. Release by Google. Subject to Section 2.7 and Section 3.1 of this Agreement, and except for the rights, duties, liabilities, and obligations arising out of this

Agreement and the Permanent Injunction and Final Judgment, Google hereby releases and discharges Stoller's bankruptcy estate and the Trustee as the representative of Stoller's bankruptcy estate from any and all claims, demands, causes of action, obligations, damages and liabilities arising out of the claims set forth in the Complaint through, and only through, the Effective Date of this Agreement. Neither the release in this Section 3.2 nor anything in this Agreement applies to Stoller individually, including for acts and/or omissions by Stoller in his capacity as an officer, director, shareholder, agent or representative of any Entity Defendant. Without limiting the generality of the foregoing sentence, neither this Section 3.2 nor anything else in this Agreement shall apply to, release, limit or waive any and all claims, demands, causes of action, obligations, damages and liabilities that Google has against Stoller individually, including without limitation for acts and/or omissions by Stoller in his capacity as an officer, director, shareholder, agent or representative of any Entity Defendant.

    3.3.    <u>Release by Entity Defendants</u>. The Entity Defendants hereby release and discharge Google from any and all claims, demands, causes of action, obligations, damages and liabilities, of whatever kind and nature at law, equity or otherwise, known or unknown, arising from, in connection with or based in any manner upon any trademark, service mark, trade name or designation of origin that Defendants purport to own or purport to otherwise have any right, title or interest in, from the beginning of time through the Effective Date of this Agreement. The Entity Defendants, and each of them, hereby acknowledge that they are familiar with California Civil Code § 1542 and that they hereby waive the protection of California Civil Code § 1542 with respect to their release set forth in this Section 3.3. California Civil Code § 1542 provides as follows:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

The Entity Defendants each waive and relinquish any right or benefit which they have or may have under California Civil Code § 1542 and under any comparable statute or common law rule in any other jurisdiction with respect to their release set forth in this Section 3.3.

    3.4.    <u>No Right or License</u>. Nothing in this Agreement confers, or shall be deemed to confer, any right or license to use Google's GOOGLE mark, its Additional Mark(s) or any of Google's other intellectual property rights in any manner. Nothing in this Agreement otherwise waives, relinquishes, limits or compromises any such rights of Google.

## ARTICLE 4
## MISCELLANEOUS

4.1. **Amendment.** This Agreement may be amended, modified or supplemented, but only in writing signed by all of the Parties affected by the amendment.

4.2. **Counterparts.** This Agreement may be executed in any number of counterparts by the Parties, and when each Party has signed and delivered at least one such counterpart to the other Party, each counterpart shall be deemed an original and taken together shall constitute one and the same Agreement that shall be binding and effective as to all Parties as set forth herein. For the purposes of this Agreement, a facsimile signature will be deemed effective and binding as against the Party executing the facsimile signature.

4.3. **Headings.** The headings preceding the text of Articles and Sections of this Agreement are for convenience only and shall not be deemed part of this Agreement.

4.4. **Fees.** The prevailing party in any action or motion brought to enforce or interpret this Agreement or the Permanent Injunction and Final Judgment shall be entitled to an award of attorney's fees and costs, including expert fees, actually incurred in connection with such action or motion.

4.5. **Relationship.** There is no joint venture, partnership, employment, agency or fiduciary relationship between Google, on the one hand, and the Entity Defendants, on the other hand. Nothing contained in this Agreement shall be construed to imply any such relationship.

4.6. **Third Party Beneficiaries.** This Agreement is for the benefit of the Parties hereto and their respective Affiliates and, except as otherwise expressly stated herein, no provision of this Agreement shall be deemed to confer upon third parties any remedy, claim, liability, reimbursement, claim of action, defense or other right in excess of those existing without reference to this Agreement.

4.7. **Term.** The term of this Agreement is perpetual.

4.8. **Severability.** Any part of this Agreement which may be deemed unenforceable or invalid shall not affect the enforceability or validity of the remaining parts of this Agreement, but shall be deemed severed from the remaining parts which shall remain in full force and effect.

4.9. **Affiliates.** This Agreement shall be binding upon the Parties and each and all of their respective successors, assigns, and representatives, including any corporate parent and corporate subsidiaries and Affiliates, and any of their officers, directors, agents, employees and representatives in their capacity as officers, directors, agents, employees and representatives.

4.10. <u>Entire Understanding</u>. This Agreement represents the entire understanding and agreement between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous negotiations, representations and agreements made by and between the Parties with respect thereto. Each Party acknowledges that: (a) prior to signing this Agreement, such Party has carefully read and reviewed with its or his attorneys, and knows and understands, the full contents of this Agreement and is voluntarily entering into this Agreement, (b) no other Party, nor any agent or attorney of any other Party, has made any promise, representation, or warranty whatever, express or implied, not contained herein, concerning the subject matter hereof, to induce such Party to execute this Agreement, and (c) such Party has not executed this Agreement in reliance on any such promise, representation, or warranty not contained herein.

4.11. <u>Construction</u>. Ambiguities, inconsistencies, or conflicts in this Agreement shall not be construed against the drafter of the language but will be resolved by applying the most reasonable interpretation under the circumstances, giving full consideration to the Parties' intentions at the time this Agreement is entered into. Where the context of this Agreement requires, singular terms shall be considered plural, and plural terms shall be considered singular.

WHEREFORE, the Parties hereby acknowledge their agreement and consent to the terms and conditions set forth above through their respective signatures contained below:

**Google Inc.**

**Central Mfg. Inc., by and through The Trustee, Not Individually, But Pursuant To Court Order Granting Him Authority To Act On Its Behalf**

_____

_____

Title:_____

Title: _____

Dated:_____

Dated: _____

**Stealth Industries, Inc., by and through The Trustee, Not Individually, But Pursuant To Court Order Granting Him Authority To Act On Its Behalf**

_____

Title: _____

Dated: _____

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Electronically Filed On
11/15/06
DKT NO. 181

In re

LEO STOLLER,

Debtor.

Chapter 7

Case No. 05-64075

Hon. Jack B. Schmetterer

Hearing Date: December 5, 2006
Hearing Time: 10:30 a.m.

## NOTICE OF MOTION

TO:   (See Attached Service List)

**PLEASE TAKE NOTICE** that on **December 5, 2006 at 10:30 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Jack B. Schmetterer**, U.S. Bankruptcy Court Judge, in Room 682, the courtroom usually occupied by him as a Courtroom in the U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in his absence, before such other Judge who may be sitting in his place and stead and hearing motions, and shall then and there present the **Motion of Trustee to Approve Agreement with Google, Inc. to Modify Stay and Compromise Certain Claims of Certain of the Debtor's Wholly-Owned Corporations and Related Relief**, a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleading.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

Dated: November 15, 2006

Janice A. Alwin (6277043)
Shaw Gussis Fishman Glantz
Wolfson & Towbin LLC
321 N. Clark St., Suite 800
Chicago, IL 60610
Tel: (312) 276-1323
Fax: (312) 275-0571
email: jalwin@shawgussis.com

{5814 MOT A0147153 DOC 2}

## CERTIFICATE OF SERVICE

Janice A. Alwin certifies that service of the above and foregoing notice and attached pleadings was accomplished through the Electronic Notice for Registrants on the attached CM/ECF service list, as well as upon the attached mail service list by first-class U.S. Mail, postage prepaid, on this 15th day of November, 2006.

/s/ Janice A. Alwin

**Mailing Information for Case 05-64075 as of 11/15/06:**

### Electronic Mail Notice List

The following is the list of attorneys who are currently on the list to receive e-mail notices for this case.

- Janice A Alwin
  jalwin@shawgussis.com
- William J. Barrett
  william.barrett@bfkpn.com
- William J Factor
  wfactor@seyfarth.com
- Richard M Fogel
  rfogel@shawgussis.com,
  rfogel@ecf.epiqsystems.com
- Richard N Golding    rgolding@wr-llp.com

- Richard L Hirsh    bk-lawfirm@sbcglobal.net
- Sara E Lorber
  slorber@seyfarth.com
- Wendy R. Morgan
  wrm@lawyer.com
- William T Neary
  USTPRegion11.ES.ECF@usdoj.gov

### Creditor Mailing Matrix for Case No. 05-64075

Asset Acceptance LLC
Providian
PO Box 2036
Warren MI 48090

Benjamin, Berneman and Brom, LLC
175 W. Jackson, Ste. 1600
Chicago, IL 60604

Counsel Press
C/O Teller, Levit, et al
11 E. Adams, 8th Floor
Chicago, IL 60603

B-Real, LLC/Chase Bank USA, N.A.
Mail Stop 5502101
Fourth Ave., Suite 1030
Seattle, WA, 98121

Brett Brothers Inc.
9515 E. Montgomery
Spokane, WA 99206

Hi-Tec Sports USA
c/o Bremer & Whyte
444 W. C. St., Ste. 140
San Diego, CA 92101

Page 7 of 16

Illinois Department of Revenue
Bankruptcy Section
100 W Randolph St., Level 7-400
Chicago IL 60601

Leo Stoller
7300 W Fullerton
Elmwood Park, IL 60707

LVNV Funding LLC its successors and
assigns, as assignee of Citibank NA
c/o Resurgent Capital Services
PO Box 10587
Greeneville, SC 29603-0587

Nancy Reich
78 Westwood Drive
Elmwood Park, IL 60707.

Portfolio Recovery Associates, LLC
PO Box 41067
Norfolk, Va 23541

Pure Fishing, Inc.
c/o Lance Johnson
Roylance, Abrams, Berdo & Goodman, LLP
1300 19th Street, N.W. Suite 600
Washington, DC 20036

Leo Stoller
7115 West North Ave #272
Oak Park, IL 60302

Julia Bishop
C/O Teller, Levit, et al
11 E. Adams, 8th Floor
Chicago, IL 60603

Melvin J Kaplan
Melvin J Kaplan & Associates
14 E Jackson Blvd Suite 1200
Chicago, IL 60604

Lance Construction Co., Inc.
Lance Johnson
323 Hillcrest Drive
Algonquin, IL 60102

NEWDEA, Inc.
c/o Holme, Roberts & Owen
90 S. Cascade Ave., Ste. 1300
Colorado Springs, CO 80903

Pure Fishing
c/o Banner & Witcoff
10 S. Wacker Dr., Ste. 3000
Chicago, IL 60606

Querrey & Harrow, Ltd.
175 W. Jackson, Ste. 1600
Chicago, IL 60604

William T Neary
Office of the U.S. Trustee, Region 11
227 W. Monroe St.Suite 3350
Chicago, IL 60606

Richard N Golding
The Law Offices of Richard N. Golding, P.C.
The Boyce Building
500 North Dearborn St, 2nd Floor
Chicago, IL 60610

Julia Bishop
c/o Teller, Levit, et al
11 E. Adams, 8th Floor
Chicago, IL 60603

Lance G. Johnson
Roylance, Abrams, Berdo & Goodman, LLP
1300 19th Street, NW Suite 600
Washington, DC 20036

William J. Barrett
Barack Ferrazzano Kirschbaum
 Perlman & Nagelberg LLC
333 West Wacker Drive, Suite 2700
Chicago, IL 60606

Melvin J Kaplan
Melvin J Kaplan & Associates
14 E Jackson Blvd Suite 1200
Chicago, IL 60604

Julia Bishop
1003 Avenida Ciervo
Rio Rico, AZ 85648

William J. Factor
Seyfarth Shaw LLP
131 S. Dearborn St, Ste 2400
Chicago, IL 60603

Michael Zeller
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA 90017

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re | Chapter 7 |
| LEO STOLLER, | Case No. 05-64075 |
| Debtor. | Hon. Jack B. Schmetterer |
| | Hearing Date: December 5, 2006 |
| | Hearing Time: 10:30 a.m. |

## MOTION OF TRUSTEE TO APPROVE AGREEMENT WITH GOOGLE, INC. TO MODIFY STAY AND COMPROMISE CERTAIN CLAIMS WITH CERTAIN OF THE DEBTOR'S WHOLLY OWNED-CORPORATIONS AND RELATED RELIEF

Pursuant to 11 U.S.C. §§ 105(a) and 362(d) and Federal Rule of Bankruptcy Procedure 4001(d), Richard M. Fogel, not individually, but as chapter 7 trustee (the "Trustee") for the bankruptcy estate of Leo Stoller (the "Debtor"), requests the entry of an order approving an agreement by and between Google, Inc. ("Google") and the Trustee, in his capacity as sole shareholder of certain of the Debtor's wholly-owned corporations[1] to modify the automatic stay and compromise certain claims (the "Agreement"). In support of this motion, the Trustee respectfully states as follows:

### Background

1. On December 20, 2005 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under chapter 13 of the Bankruptcy Code. The Debtor's case

---

[1] The property of the Debtor's Estate includes, *inter alia*, the Debtor's "stock and interests incorporated and unincorporated businesses," including, but not limited to, the Debtor's wholly-owned interest in: (a) Central Manufacturing, Co. (Inc.) a/k/a Central Mfg. Co. of Illinois; (b) Central Mfg. Inc. a/k/a Central Mfg. Co. (Inc); (c) Stealth Industries, Inc. a/k/a Rentamark and a/k/a Rentamark.com; (d) USA Sports Co. Inc.; (e) Sentra Industries, Inc.; and (f) S Industries, Inc., as well as potential other businesses or assumed names (collectively, the "Wholly-Owned Corporations").

{5814 MOT A0147153.DOC 2}

was converted to a case under chapter 7 on September 1, 2006. The Trustee was duly appointed on September 6, 2006 to administer the Debtor's estate (the "Estate").

2. On or about August 22, 2006, Google filed its Motion for Order Declaring Proposed Suit to be Outside Scope of Stay or, In the Alternative, Modifying Stay [Docket No. 113] ("Stay Motion"). The Stay Motion has been continued by agreement of Google and the Trustee, with the stay, to the extent applicable, remaining in force, so that they may negotiate a settlement.

3. On or about September 26, 2006, this Court entered its *Findings of Fact and Conclusions of Law on Motion of Pure Fishing to Convert to Chapter 7* [Docket No. 154], in which it found that the Debtor and his businesses, including the Wholly-Owned Corporations are "indistinguishable" and concludes that the Debtor failed to properly maintain records related to his businesses, including financial records, corporate minutes and books, and any other documents that would evidence ownership or income.

4. On October 5, 2006, this Court entered its Order Authorizing the Trustee to Act on Behalf of Debtor's Wholly-Owned Corporations and Related Relief [Docket No. 161] ("10/5/06 Order"), which order granted the Trustee authority to act on behalf of each of the Debtor's Wholly-Owned Corporations solely in the Trustee's capacity of sole shareholder of each respective corporation.

## The Proposed Agreement

5. The Trustee and Google have reached an Agreement in principle whereby Google will be permitted to resolve certain of the disputes and litigation between Google and certain of the Debtor's Wholly-Owned Corporations in exchange for a release of the Trustee

and the Debtor's estate. More specifically, the terms of the Agreement include, but are not limited to, the following:

   a. Google shall be permitted to pursue its Proposed Action (as that term is defined in the Stay Motion) against the Debtor and his Wholly-Owned Corporations on a prospective basis;

   b. the Trustee will enter into a stipulated judgment for permanent injunctive relief in favor of Google as to Central Mfg. Inc. and Stealth Industries, Inc., precluding such entities from alleging an interest in or otherwise interfering with the Google mark (as defined therein);

   c. the Trustee will execute a withdrawal of the Intent-to-Use application for the word/mark "GOOGLE" filed by Central Mfg. Co., a Wholly-Owned Corporation, in the U.S. Patent and Trademark Office;

   d. the Trustee will enter into a dismissal of petition for cancellation pending before the Trademark Trial and Appeal Board ("TTAB"), which was filed on behalf of Central Mfg. Co. (Inc.), a Wholly-Owned Corporation;

   e. the Trustee will cause to be filed a withdrawal of appeal on behalf of Central Mfg. Co. (Inc.), a Wholly-Owned Corporation, in the Seventh Circuit, with respect to a pending appeal of a TTAB's decision in favor of Google;

   f. Google will release the Trustee and the Debtor's estate from any and all claims arising from the Proposed Action

A copy of the Agreement is attached hereto as Exhibit A.

6. Google and the Trustee have endeavored to obtain the Debtor's consent of the Agreement and/or the Debtor's participation in a similar settlement between the Debtor and Google. Notwithstanding these efforts, the Debtor is not a party to the proposed agreement with Google.

## Objections and Hearing Thereon

7. Pursuant to Rule 4001(d), objections to the relief requested herein must be filed with the Court, with a copy served on the Trustee within fifteen (15) days of the mailing of notice of this motion. If no objections are received, the Court may enter an order approving the Agreement without conducting a hearing. If a timely objection is filed, the Court shall hold a hearing on no less than five days' notice to the objector, the Trustee, and other parties interest.

## Requested Relief and Authority

8. The Trustee requests that this Court enter an order, substantially in the form attached hereto, approving the Agreement and modifying the stay accordingly. This Court has authority and discretion to modify the automatic for cause shown. *See* 11 U.S.C. § 362(d)(1); Fed. R. Bankr. P. 4001(d). Google has demonstrated sufficient cause to modify the stay under the terms set forth herein. The Trustee, the Debtor's estate, and his creditors will suffer no prejudice by this Court's approval of the Agreement. Moreover, the Agreement will resolve any claims that Google may have or may have had against the Debtor's estate absent the Agreement. Accordingly, the Trustee submits that approving the Agreement is in the best interests of the Debtor's estate and his creditors.

WHEREFORE, by virtue of the foregoing, the Trustee requests the entry of an order approving the Settlement Agreement by and between Google and the Trustee, in his capacity

{5814 MOT A0147153.DOC 2}

4

as sole shareholder of certain of the Debtor's Wholly-Owned Corporations to modify the automatic stay and compromise certain claim and granting such other and further relief as the Court may deem reasonable and just under the circumstances.

        Respectfully submitted,

        Richard M. Fogel, not individually, but as chapter 7 trustee for the bankruptcy estate of Leo Stoller

Dated: November 15, 2006      By: __/s/ Janice A. Alwin__
                                                      One of his attorneys

Janice A. Alwin (6277043)
Shaw Gussis Fishman Glantz
Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60610
Tel: (312) 276-1323
Fax: (312) 275-0571
email: jalwin@shawgussis.com

# Exhibit A

{A0068610.DOC}

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

CENTRAL MFG. CO., *et al* )
)
    Plaintiff/Counter )
    Defendant, )    Case No: 1:05-CV-00725
)    Honorable George E. Lindberg
v. )
)
PURE FISHING, INC., *et al* )
)
    Defendant/Counter )
    Plaintiff, )

## LOCAL RULE 54.3(a) JOINT STATEMENT

Pursuant to Local Rule 54.3(a), Defendants/Counter-Plaintiffs, by and through their attorneys, and certain Plaintiffs/Counter-Defendants, by and through their authorized representative (Exhibits 1 and 2), submit the following Joint Statement with respect to PFI's Petition for Fees.

1.     Pure Fishing, Inc. (PFI) claims attorney fees in the amount of $759,303.20 and calculates this claim based on its fees through the end of December 2005 as follows:

| Attorney | Hrs | Avg. Rate | Value |
|---|---|---|---|
| ANG | 3.00 | $355.00 | $1,065.00 |
| BYA | 83.50 | $195.00 | $16,282.50 |
| DGS | 69.50 | $180.00 | $12,510.00 |
| GVD | 21.00 | $300.00 | $6,300.00 |
| LGJ | 1,281.85 | $325.00 | $416,601.25 |
| MEG | 31.75 | $320.00 | $10,160.00 |
| MEM | 7.75 | $190.00 | $1,472.50 |
| MES | 231.55 | $240.00 | $55,572.00 |
| MRM | 8.50 | $225.00 | $1,912.50 |
| RAF | 63.75 | $335.00 | $21,356.25 |
| SGJ | 55.00 | $295.00 | $16,225.00 |
| **Sub-Total:** | **1,857.15** | **$301.24** | **$559,457.00** |
| **Local counsel fees** | | | **$91,456.75** |

**EXHIBIT 5**

{5814 MSC A0146585.DOC}

|  |  |
|---|---|
| 3rd party professional service fees | $97,996.41 |
| Legal Research | $10,393.04 |
| **Total Fees and Expenses** | **$759,303.20** |

2. The undersigned Counter-Defendants agree that the time, fees and identified nontaxable expenses sought as an award should be awarded to movant.

3. The undersigned Counter-Defendants agree that the current value of the $136,083.41 judgment of Counterclaim IV has a current value of $204,918.90 with post-judgment interest, according to 28 U.S.C. § 1961 from July 1998 to date at the rate of 5.25%.

4. There are no remaining disputes over the Petition between the undersigned parties. An Agreed order is attached.

5. The authorized representative for the undersigned Counter-Defendants will not appeal the underlying judgment. Counter-Defendant Leo Stoller has purportedly filed a Notice of Appeal on October 17, 2006 (Doc. 228).

| Attorneys for Defendants/Counter-Plaintiffs, | Authorized Representative for Plaintiffs/Counter-Defendants: |
|---|---|
| /s/ Lance G. Johnson<br>Lance G. Johnson<br>*Roylance, Abrams, Berdo & Goodman, L.L.P.*<br>*1300 19th Street, N.W., Suite 600*<br>*Washington, D.C. 20036-1649*<br>*Tel: (202) 659-9076*<br>*Fax: (202) 659-9344*<br><br>Timothy C. Meece<br>*Banner & Witcoff, Ltd.*<br>*10 South Wacker Drive, Suite 3000*<br>*Chicago, Illinois 60606*<br>*Tel: (312) 463-5000*<br>*Fax: (312) 463-5001* | /s/ Richard M. Fogel<br>Richard M. Fogel<br>(Not individually, but as chapter 7 trustee for the bankruptcy estate of Leo Stoller, and as Authorized Representative of the corporate Counter-Defendants)<br>*Shaw, Gussis, Fishman, Glantz & Towbin, LLC*<br>*321 North Clark Street, Suite 800*<br>*Chicago, IL 60610*<br>*Tel: (312) 276-1334*<br>*Fax: (312) 275-0578*<br>*RFogel@ShawGussis.com* |