UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN THE MATTER OF: )
)
LEO STOLLER, ) CASE NO. 05 B 64075
)
Debtor )

## MEMORANDUM OPINION ON MOTION TO DISQUALIFY JUDGE

Leo Stoller is a debtor proceeding *pro se* in a case under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101 et seq., presided over by the undersigned. On May 9, 2007, Mr. Stoller filed a Motion to Disqualify Judge under 28 U.S.C. §§ 144 and 455. On May 21, 2007, the undersigned entered an Order for a More Definite Statement requiring Mr. Stoller to plead specific allegations in support of his motion. Mr. Stoller filed his More Definite Statement on June 11, 2007.

For reasons stated below Mr. Stoller's Motion to Disqualify Judge is denied.

### Allegations

Mr. Stoller's motion and More Definite Statement do not present any factual basis for disqualification. Rather, they contain a series of conclusory allegations "that the court has engaged in numerous acts creating an appearance that the court is not impartial..." (Resp. to Order for a More Definite Statement at 1), and otherwise violated the law as well as provisions of the ABA Code of Judicial Conduct. (Id. at 2.) Among other things, Mr. Stoller objects (1) to the conversion of his case from a Chapter 13 to Chapter 7 bankruptcy proceeding; (2) to certain alleged statements by the Court that Mr. Stoller must be "stopped;" (3) to the proposed sale of estate assets pursuant to 11 U.S.C. § 363(b)(1); (4) that the Court has not granted one of his motions; and (5) that the Court

allowed his attorney to withdraw from the case. (See generally Resp. to Order for a More Definite Statement.)

## Jurisdiction

This matter is before the Court pursuant to 28 U.S.C. § 157 and referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Subject matter jurisdiction lies under 28 U.S.C. § 1334(b). Venue lies under 28 U.S.C. § 1409. This issue constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## Discussion

Before performing the duties of office, every Justice or Judge of the United States takes an oath to "administer justice without respect to persons, and do equal right to the poor and to the rich" and to "faithfully and impartially discharge and perform all the duties incumbent upon [him/her] ... under the Constitution and laws of the United States." 28 U.S.C. § 453. According to the late Chief Justice Rehnquist, while:

> [e]very litigant is entitled to have his case heard by a judge mindful of this oath ... [n]either the oath, the disqualification statute, nor the practice of the former Justices of this Court guarantee a litigant that each judge will start off from dead center in his willingness or ability to reconcile the opposing arguments of counsel with his understanding of the Constitution and the law.

Laird v. Tatum, 409 U.S. 824, 838-39 (1972). Due to the very nature of the job, a judge must form an opinion about the merits of the case and occasionally the parties involved, but this does not constitute "personal bias or prejudice," and, therefore, disqualification should be viewed as an extraordinary occurrence. Tucker v. Kerner, 186 F.2d 79, 84 (7th Cir. 1950). Thus, "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty not to sit where disqualified." Laird, 186 F.2d at 837 (citing Tucker, 186 F.2d at 85) (additional citations omitted).

Under Federal Rule of Bankruptcy Procedure 5004(a): "A bankruptcy judge shall be governed by 28 U.S.C. § 455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstances arises or, if appropriate, shall be disqualified from presiding over the case."

Section 455 of Title 28 U.S.C. provides in pertinent part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned.
> (b) He shall also disqualify himself in the following circumstances:
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding....

### Disqualification under 28 U.S.C. § 455(a)

The standard for a finding of perceived bias under 28 U.S.C. § 455(a) is whether a reasonable person would perceive a significant risk that the judge will resolve the case on a basis other than the merits. Hook v. McDade, 89 F.3d 350, 354 (7th Cir. 1995). This is an objective standard from the viewpoint of a thoughtful and well-informed observer, not a "hypersensitive, unduly suspicious person." Id. The risk must be one that is substantially out of the ordinary. Id. The statute does not require recusal when the claim is based on "unsupported, irrational or highly tenuous speculation." See In re Martinez-Catala, 129 F.3d 213, 220 (1st Cir. 1997) (quoting In re United States, 666 F.2d 690, 694 (1st Cir. 1981)). Furthermore, a party moving for recusal has the burden of producing facts which would raise doubts about the judge's impartiality. In re Betts, 165 B.R. 233, 238 (Bankr. N.D. Ill. 1994).

Mr. Stoller's Motion to Disqualify Judge must be viewed as being based on unsupported and highly tenuous speculation since his motions do not specify a factual basis for his allegations that the undersigned harbors a prejudice against him. In his original motion, Mr. Stoller alleged that "Judge Schmetterer must give advice to a non-represented litigant, otherwise he has deprived

- 3 -

the non-represented litigant of his legal and constitutional rights." (Mot. to Disqualify at 4.) Mr. Stoller does not cite any authority for this proposition. According to the Supreme Court in Pliler v. Ford, 542 U.S. 225, 231 (2004), "District judges have no obligation to act as counsel or paralegal to *pro se* litigants." (Citing McKaskle v. Wiggins, 465 U.S. 168, 183-84 (1984) ("A defendant does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure" and "the Constitution [does not] require judges to take over chores for a *pro se* defendant that would normally be attended to by trained counsel as a matter of course.")). Not only would the giving of such advice undermine the judge's impartiality, but the advice itself may be misleading. Id.

Mr. Stoller originally failed to meet his burden of proof by alleging facts to back up the allegation of impartiality. At that point, his motion could have been denied for lack of specificity. Instead, the Court required Mr. Stoller to file a More Definite Statement in support of his motion to make sure that his claims could be given "a fair and meaningful consideration." Childs v. Duckworth, 705 F.2d 915, 922 (7th Cir. 1983) (internal quotations omitted). Mr. Stoller did not avail himself of that opportunity by alleging any specific facts in his Response to the Order for a More Definite Statement that would raise doubts in an objective litigant about the undersigned's impartiality. Therefore, given the high threshold stated above for finding bias under the objective standard of 28 U.S.C. § 455(a), Mr. Stoller's motion to disqualify on the basis of perceived impartiality is without merit.

### Disqualification under 28 U.S.C. § 455(b)(1)

A federal judge must recuse him/herself from a proceeding, "[w]here he has a personal bias or prejudice concerning a party...." 28 U.S.C. § 455(b)(1). It is not relevant that the Judge believes that he or she lacks personal bias or prejudice (as the undersigned believes). In determining

whether the judge's disqualification is required under the 28 U.S.C. § 455(b)(1), the question is whether a reasonable person would be convinced of the judge's bias. <u>Lac du Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse-Wis., Inc.</u>, 991 F.2d 1249, 1255 (7th Cir. 1993). Actual bias or prejudice must be alleged and established by compelling evidence. <u>U.S. v. Balistrieri</u>, 779 F.2d 1191, 1202 (7th Cir. 1985). Moreover, that bias must arise from an extrajudicial source. <u>Hook</u>, 89 F.3d at 355. Thus, judicial rulings and opinions formed during the course of proceedings almost never constitute a valid basis for recusal, unless they display a "deep-seated and unequivocal antagonism that would render fair judgment impossible." <u>Liteky v. U.S.</u>, 510 U.S. 540, 556 (1994). Judicial remarks in the course of our work, even those expressing impatience, dissatisfaction, or annoyance, do not establish impartiality. <u>Hook</u>, 89 F.3d at 355 ("A judge's ordinary efforts at courtroom administration ... remain immune.").

Moreover, there is no basis for recusal when a motion does not contain any detailed information to explain the claimed bias or prejudice and instead provides a barrage of conclusory personal attacks. See <u>Cichon v. Roto-Rooter Services Co.</u>, No. 97-C-3594, 1998 WL 142428, at *3 (N.D. Ill. Mar. 25, 1998). A panel of the District of Columbia Circuit used that reason to deny recusal when no evidence was asserted to establish that the judge had a conflict of interest or was biased, and judicial prejudice was merely inferred by the movant from unfavorable judicial rulings and court delays in ruling on pending matters. See <u>Rafferty v. NYNEX Corp.</u>, 60 F.3d 844, 848 (D.C. Cir. 1995).

Mr. Stoller has failed to carry his burden by providing any detailed information to explain the alleged bias or prejudice, let alone identifying an extrajudicial source of said bias. Rather, Mr. Stoller's claim of bias is based on the Court's judicial rulings and opinions, alleging that "never in over 39 years [of litigation] has Stoller been before a court that has never once granted a motion on

behalf of Leo Stoller." (Resp. to Order for More Definite Statement ¶ 11.)[1] As earlier stated, judicial rulings and opinions alone do not constitute a valid basis for recusal. In addition, Mr. Stoller alleges that the undersigned "said on the record that Stoller needed to be stopped..." (Resp. to Order for More Definite Statement at 3), but failed to cite to the record to support this allegation.

Finally, Mr. Stoller objects to "the court's injecting itself, uninvited, into the sale of the Debtor's assets ... and even drafting a Sales Procedure Order," (Resp. to Order for More Definite Statement at 2), and denying "Stoller's preliminary injunction" to stop the sale. (Id. ¶ 9.) While Mr. Stoller attached exhibits purportedly supporting these claims of bias, they are both legally and procedurally insufficient. First, pursuant to 11 U.S.C. § 363(b)(1) the trustee must get permission from the court to "use, sell or lease, other than in the ordinary course of business, property of the estate." In this case, notice of the proposed sale was provided under Federal Rules of Bankruptcy Procedure 6004(a), 2002(a)(2) and 9006. Because it is the job of the Court to monitor such sales and fix sales procedures, doing so is not a grounds for recusal. Thus, Mr. Stoller's allegations regarding the Court's involvement in the sale of property of the estate are without merit.

---

[1] While this claim may seem farfetched, it is undisputed that the federal courts in this District are well acquainted with Mr. Stoller. Since 1988, Mr. Stoller, individually or on behalf of one of his wholly-owned corporate entities, has been involved in at least forty-nine cases in the Northern District of Illinois, and "has earned a reputation for initiating spurious and vexatious federal litigation." Central Mfg. Co. v. Pure Fishing, Inc., 05-C-725, 2005 WL 3090988, at *1 (N.D. Ill. Nov. 16, 2005) (citations omitted). In fact, no court has ever found infringement of any trademark allegedly held by Stoller or his related companies in any reported opinion. Central Mfg. Co. v. Brett, No. 04-C-3049, 2005 WL 2445898, at *1 (N.D. Ill. Sept. 30, 2005). In addition, Mr. Stoller or his entities have been ordered to pay their opponent's attorneys' fees in at least seven reported cases. Pure Fishing, Inc., 2005 WL 3090988, at *1 (citations omitted). Finally, the Executive Committee for the Northern District of Illinois has enjoined Mr. Stoller and his companies from instituting any new civil actions in the district's courts without obtaining the Committee's permission, Central Mfg. Co. v. Brett, No. 06-2083, 2007 WL 1965673, at *4 (7th Cir. July 9, 2007), and the Seventh Circuit has levied sanctions against Mr. Stoller totaling $12,500 for "continu[ing] to submit frivolous filings to [that] court." Order, Google, Inc. v. Stoller, 07-1651 (7th Cir. Aug. 7, 2007); Order, Stoller v. Executive Committee, 07-1934 (7th Cir. Aug. 7, 2007).

In general, "[t]o have standing to object to a bankruptcy order, a person must have a pecuniary interest in the outcome of the bankruptcy proceedings." Cult Awareness Network, Inc. v. Martino, 151 F.3d 605, 607 (7th Cir. 1998); see also In re Moss, 320 B.R. 143, 149 (E.D. Mich. 2005) ("One rule that follows from this 'pecuniary interest' standard is that an insolvent Chapter 7 debtor generally does not have standing to object to claims, because 'he is considered to have no interest in how his assets are distributed among his creditors and is held not to be a party in interest.'") (citations omitted). Despite Mr. Stoller's general claims that the assets in question have substantial value in excess of the agreed sale price, Mr. Stoller was unable to prove that value. In other words, Mr. Stoller has failed to "show a reasonable possibility of a surplus after satisfying all debts," Cult Awareness Network, 151 F.3d at 608 (citing In re Andreuccetti, 975 F.2d 413, 417 (7th Cir. 1992)), that would bring him within the exception to the "pecuniary interest" rule. Thus, Mr. Stoller lacked standing to object to the sales procedures.

Nevertheless, Mr. Stoller filed a so-called Motion for a Preliminary Injunction to prevent the sale of property of the estate. He attached a transcript from the hearing on that motion to his Response to the Order for a More Definite Statement as evidence of the undersigned's personal bias or prejudice. The Court denied the Motion for a Preliminary Injunction on the basis that the correct procedural tool to prevent the sale from going forward, if ordered over objection, would be to seek a stay pending appeal. According to Federal Rule of Bankruptcy Procedure 8005, "A motion for a stay of the judgment, order, or decree of a bankruptcy judge ... or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance." See also In re Cash, No. 93-91133, 1996 WL 33403450, at *1 (Bankr. C.D. Ill. Jan. 10, 1996) ("[A] motion for a stay pending appeal must first be presented to the Bankruptcy Court, whose decision

is then review able by the District Court."). The Court denied the Motion for a Preliminary Injunction "without prejudice to any possible request for stay pending appeal." If Mr. Stoller fails to avail himself of the opportunity to make such a motion, his failure does not demonstrate bias or prejudice by the Court.

### Conclusion

Mr. Stoller's motion and More Definite Statement contain nothing more than a barrage of conclusory personal attacks against the Trustee, creditors' counsel, and the undersigned. For reasons set forth above, Leo Stoller's Motion to Disqualify will be denied by separate order.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated and entered this ___ day of August 2007